UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| PATRICIA A. HOOKEY | § | CIVIL ACTION NO: |
| | § | |
| *Plaintiff* | § | |
| v. | § | |
| | § | |
| GRAND DESIGN RV, LLC | § | |
| | § | |
| *Defendant* | § | JURY TRIAL REQUESTED |

## COMPLAINT

### I. Parties

1. Plaintiff, PATRICIA A. HOOKEY, is an individual that is now and has been at all times a citizen of State of Tennessee.

2. Defendant, GRAND DESIGN RV, LLC, hereinafter "GRAND DESIGN," is an Indiana citizen and limited liability company authorized to do and doing business in the State of Indiana with its principal place of business located at Middlebury, Indiana and is a warrantor of a recreational vehicle that Plaintiff purchased and is a merchant in goods of the kind involved in this case.

GRAND DESIGN's agent for service of process is C T Corporation System, 334 North Senate Avenue, Indianapolis, IN 46204.

### II. Jurisdiction

3. This court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

This court also has supplemental jurisdiction under 28 USC § 1367 over Plaintiff's

-1-

state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

### III.   Venue

4.   Venue is proper in this district under 28 U.S.C. §1391(a)(3) because the Defendant are subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

Venue is also proper in this district under Tex. Bus. & Com. Code §17.56. VENUE. An action brought under this subchapter may be brought:

    (1)   in any county in which venue is proper under Chapter 15, Civil Practice and Remedies Code;  or

    (2)   in a county in which the defendant or an authorized agent of the defendant solicited the transaction made the subject of the action at bar.

Venue is also proper in this district under Tex. Bus. & Com. Code §15.033. Breach of Warranty By Manufacturer:

A suit for breach of warranty by a manufacturer of consumer goods may be brought in any county in which all or a substantial part of the events or omissions giving rise to the claim occurred, in the county in which the manufacturer has its principal office in this state, or *in the county in which the plaintiff resided at the time the cause of action accrued*.

### IV.   Conditions Precedent

5.   All conditions precedents have been performed or have occurred.

### V.   Facts

**A.  The Transaction**

6. On or about January 13, 2022, Plaintiff purchased a new 2022 GRAND DESIGN IMAGINE 2800BH bearing VIN: 573TE3222N5508231, hereinafter "IMAGINE 2800BH," from NORTHGATE RV.

The "IMAGINE 2800BH" was purchased primarily for Plaintiff' personal use. The sales contract was presented to Plaintiff at the dealership and was executed at the dealership.

7. The sales price of the IMAGINE 2800BH was $50,932.71. Civil or Punitive penalties for breach of warranty are recoverable under the Warranty Act, if they are recoverable for breach of warranty under the applicable state law. See ***Hughes v. Segal Enterprises, Inc.*, 627 F. Supp. 1231, 1238 (W.D. Ark. 1986);** *Chariton Vet Supply, Inc. v. Moberly Motors Co.*, **2:08CV47MLM, 2009 WL 1011500 (E.D. Mo. Apr. 15, 2009).**

**B.  Implied Warranties**

8. As a result of the sale of the IMAGINE 2800BH by Defendants to Plaintiff, an implied warranty of merchantability arose in the transaction which included the guarantee that the IMAGINE 2800BH would pass without objection in the trade under the contract description, and that the IMAGINE 2800BH was fit for the ordinary purpose for which such motor vehicles are purchased.

9. Subsequent to the sale, an implied warranty arose in connection with the repairs performed by the Defendants. Specifically, the Defendants impliedly warranted that the repair work had been performed in a good and workmanlike manner.

**C.  Express Warranties**

10. In addition to the implied warranties that arose in the transaction, certain

representations and express warranties were made, including, that any malfunction in the IMAGINE 2800BH, occurring during a specified warranty period resulting from defects in material or workmanship would be repaired, and that repair work on the IMAGINE 2800BH had, in fact, repaired the defects.

11. Plaintiff' purchase of the IMAGINE 2800BH was accompanied by express warranties offered by the Defendants, GRAND DESIGN and CAMPING WORLD, and extending to Plaintiff. These warranties were part of the basis of the bargain of Plaintiff' contract for purchase of the IMAGINE 2800BH.

12. The basic warranty covered any repairs or replacements needed during the warranty period due to defects in factory materials or workmanship. Any required adjustments would also be made during the basic coverage period. All warranty repairs and adjustments, including parts and labor, were to be made at no charge. Additional warranties were set forth in the GRAND DESIGN's warranty booklet and owners manual. Also, the Defendant, GRAND DESIGN, continued to agree to extended its express warranty with the Plaintiff to cover defects that were discovered and tendered for repairs during the original factory warranty.

### D. Actionable Conduct

13. In fact, when delivered, the IMAGINE 2800BH was defective in materials and workmanship, with such defects being discovered within the warranty periods. Many defective conditions have occurred since purchase, including, but not limited to, the following in the Plaintiff's own words:

"1. WATER HEATER DEFECTS, NON-CONFORMITIES AND CONDITIONS;

2. ANY AND ALL DEFECTS, NON-CONFORMITIES

-4-

      **AND CONDITIONS LISTED ON ANY AND ALL REPAIR ORDERS; AND**

   **5. THE IMAGINE 2800BH HAS BEEN OUT OF SERVICE OVER 115 DAYS."**

14. Since purchase, Plaintiff has returned their IMAGINE 2800BH to the Defendant and its authorized warranty service dealers for repairs on numerous occasions. Despite this prolonged period during which Defendant were given the opportunity to repair the IMAGINE 2800BH, the more significant and dangerous defects were not repaired. Defendant failed to repair the subject vehicle so as to bring it into conformity with the warranties set forth herein. From the date of its purchase, the IMAGINE 2800BH, continues to this day to exhibit some or all of the non-conformities and/or defects described herein.

15. The defects experienced by Plaintiff with the IMAGINE 2800BH substantially impaired its use, value and safety.

16. Plaintiff directly notified the Defendant of the defective conditions of the IMAGINE 2800BH on numerous occasions. Plaintiff notified Defendant that they wanted a rescission of the sale of the IMAGINE 2800BH but the Defendant have failed and refused to buy back Plaintiff' defective IMAGINE 2800BH.

        **VI. Causes of Action**

**COUNT 1: VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

17. Plaintiff re-allege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

18. Plaintiff is "consumers" as defined in the Magnuson-Moss Warranty Act (hereinafter "Warranty Act"), 15 U.S.C. § 2301(3).

19. Defendant is a "supplier" and "warrantor" as defined in the Warranty Act, 15 U.S.C. § 2310(4) and (5).

20. The IMAGINE 2800BH is a "consumer product" as defined in the Warranty Act, 15 U.S.C. § 2301(l), because it is normally used for personal purposes and Plaintiff in fact purchased it wholly or primarily for personal use.

21. The express warranties more fully described herein above pertaining to the IMAGINE 2800BH, is a "written warranty" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

22. The actions of the Defendant as herein above described, in failing to tender the IMAGINE 2800BH to Plaintiff free of defects and/or refusing to repair and/or replace the defective IMAGINE 2800BH tendered to Plaintiff constitute a breach of the written and implied warranties covering the IMAGINE 2800BH and hence a violation of the Magnuson-Moss Warranty Act.

23. Plaintiff has performed all things agreed to and required of them under the purchase agreement and warranty, except as may have been excused or prevented by the conduct of Defendant as herein alleged.

24. As a direct and proximate result of the acts and omissions of Defendant and each of them as set forth herein above, Plaintiff has been damaged herein above in an amount in excess of $500,000.00 according to proof at trial.

25. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended. As a proximate result of the misconduct of Defendant as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of

Richard C. Dalton.  Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

**COUNT 2:   BREACH OF EXPRESS WARRANTIES**

26.   Plaintiff re-allege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

27.   The Defendant's advertisements and statements in written promotional and other materials contained broad claims amounting to a warranty that Plaintiff' IMAGINE 2800BH or those similarly situated were free from inherent risk of failure or latent defects.  In addition, the Defendant issued an expressed written warranty which covered the IMAGINE 2800BH and warranted that the IMAGINE 2800BH, was free of defects in materials and work quality at the time of delivery.

28.   As alleged above, the Defendant breached its warranties by offering for sale and selling as safe to Plaintiff a IMAGINE 2800BH that was latently defective, unsafe, and likely to cause economic loss to Plaintiff.

29.   In breach of the foregoing warranties, the Defendant have failed to correct said defects.

30.   The damages Plaintiff has suffered are a direct and proximate result of Defendant' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

**COUNT 3:   BREACH OF IMPLIED WARRANTIES**

31.   Plaintiff re-allege and incorporate by reference as though fully set forth herein each

and every allegation contained in the preceding paragraphs.

32. The Defendant impliedly warranted that Plaintiff' IMAGINE 2800BH which it designed, manufactured, and sold, were merchantable and fit and safe for their ordinary use, not otherwise injurious to consumers, and would come with adequate safety warnings.

33. Any purported limitation of the duration of the implied warranties contained in the written warranties given by Defendant is unreasonable and unconscionable and void under the principles of estoppel, because Defendant knew the defects existed and might not be discovered, if at all, until the IMAGINE 2800BH, had been driven for a period longer than the period of the written warranty, and Defendant willfully withheld information about the defects from Plaintiff.

34. Because of the defects, Plaintiff' IMAGINE 2800BH is unsafe and unfit for use and has caused economic loss to the Plaintiff. Therefore, the Defendant breached the implied warranty of merchantability.

35. The damages Plaintiff has suffered are a direct and proximate result of Defendant' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

**VII.   Economic and Actual Damages**

36. Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein above:

    a.. Out of pocket expenses, including but not limited to the money paid towards the note securing the vehicle;

    b. Loss of use;

    c. Loss of the "benefit of the bargain";

      d.      Diminished or reduced market value; and

      e.      Costs of repairs.

### VIII.    Multiple Damages

37.    The Defendant's conduct in violation of the DTPA was committed knowingly, as that term is defined in that Defendant had actual awareness of the *falsity, deception, or unfairness* of such acts, practices, and/or omissions.

38.    Plaintiff further shows that such acts, practices, and/or omissions were committed "intentionally" in that Defendant specifically intended that Plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

39.    Therefore, Plaintiff is entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code in an amount not to exceed three times the amount of their economic damages.

### IX.    Request for Rescission

40.    Plaintiff seek the remedy of rescission of the sales contract which is requested in the following paragraph.

41.    Plaintiff revoke their acceptance of the IMAGINE 2800BH for the reason that its defects substantially impair its value to Plaintiff and acceptance was based on Plaintiff' reasonable reliance on the false representations and warranties of Defendant that the defects in IMAGINE 2800BH would be repaired. Accordingly, Plaintiff seek a cancellation of the purchase transaction and an order of the court restoring to them the money obtained by Defendant as a result of the false representations and breaches of warranty set forth above. Plaintiff also seeks cancellation of the debt and now offers to return the IMAGINE 2800BH to Defendant.

## X. Attorney Fees and Costs

43. Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended. As a proximate result of the misconduct of Defendant as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

## XI. Prayer

44. For these reasons, Plaintiff pray for judgment against the Defendant for the following:

   a. For general, special and actual damages according to proof at trial;

   b. Rescinding the sale of the 2022 GRAND DESIGN IMAGINE 2800BH bearing VIN: 573TE3222N5508231 and returning to Plaintiff the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

   c. For incidental and consequential damages according to proof at trial;

   d. Out of pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges.

   e. Any diminution in value of the IMAGINE 2800BH, attributable to the defects;

   f. Past and future economic losses;

   g. Prejudgment and post-judgment interest;

   h. Damages for loss of use of vehicle;

   i. Civil Penalties and/or Punitive damages;

   j. Damages for mental anguish;

   k. Attorney fees;

-10-

l.   Costs of suit, expert fees and litigation expenses; and

m   All other relief this Honorable Court deems appropriate.

### XII.   Demand for Jury Trial

45.   Plaintiff hereby demand a trial by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED:

BY: /s/ *Richard C. Dalton*
Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
P.O. Box 358
Carencro, Louisiana 70520-0358
rick@rickdalton.law
Tel. (337) 371-0375

ATTORNEY FOR PLAINTIFF